Lex, J.
The principal ground assigned in the motion of the defendants, in the Court of Common Pleas, for a new trial, was that the verdict of the jury was against the evidence, and the question to be determined is: Did that court err in overruling tbe motion?
The right of the plaintiff to recover of the defendants the purchase-money received by them of Nelson, for their title to one-half of the premises described in the deed of the defendant in error and her husband to Nelson, depended upon proof, to be produced by her, of the existence of a deed from Quartus Gillmore, the father of the plaintiffs in error, to Armistead Lumm, for the premises described in the deed made by the plaintiffs in error to her, to perfect the title of Nelson to the premises described in her deed to him.
This proof, in our opinion, she failed to produce. The testimony given at the trial, the whole of which is set out in the bill of exceptions, fails to show, clearly and satisfactorily, the loss, the contents, or the'substanee of the contents of the operative parts of the supposed deed.
Armistead Lumm, the former husband of the defendant in error, died in October, 1859, and at the time of his death, .and for many years prior thereto, resided in the village of Charleston, at which place Quartus Gillmore also resided.
It is not pretended that Lumm, at any time prior to his death, exercised any acts of ownership over the premises in question or paid the taxes thereon, while it is shown by *175 the evidence in the case, that G-illmore paid the taxes on the undivided half of lot 225 and the whole of lot 226, up to the time of the sale and conveyance thereof to his sons in 1866, who afterward, and until the conveyance to Nelson, paid the taxes thereon.
If the lots were conveyed to Lumm by Gillmore, the •deeds must have been in his possession at the time of his death, and must, with other valuable papers, have passed into the hands of the defendant in error, as his devisee at that time; yet, in 1860, when she was about to dispose of the same premises afterward conveyed to Nelson, to one Daniel Wallace, and afterward, in 1866, when about to dispose of them to Mrs. Slater, according to her testimony, she had no knowledge of a deed for the premises from Gillmore to Lumm, but depended for her title to them, upon a conversation which she claims to have had with Quartus Gill-more in 1860, and again in 1866, in the presence of Edmund Gillmore, in each of which conversations Quartus Gillmore stated, in answer to her question as to how she became the owner of the whole of lots 225 and 226, that he and Mr. Lumm had made an exchange of lots, by which his title to the undivided half of lot 225 and the whole of lot 226 were conveyed by him to Mr. Lumm in consideration of other lots in Charleston conveyed to him by Mr. Lumm. Edmund Gillmore, in his testimony, denied having heard any such conversation between his father and the defendant in error.
Although the defendant in error claims to have had knowledge of the existence of the deed from Gillmore to Lumm prior to 1871, yet it appears from her testimony that she then first examined it. As the result of this and several subsequent examinations of the dee'd, the last of which occurred in July or August, 1872, she states that it appeared to be a perfect deed from Quartus Gillmore and Elizabeth, his wife, to Armistead Lumm for the lots in question, but is unable to state the consideration named in it, the contents or substance of the contents of the granting clause, or of any of the operative clauses of the deed, the date of its ex- *176 écútion, by whom attested, or the name or official character of the person before whom it was acknowledged.
The same want of ability to state the contents or the substance of the contents of any of the operative clauses of the deed, the date of its execution, the names of the attesting witnesses, or the name and official character of the person before whom’the acknowledgment was taken, is apparent in the testimony of Wesley Lumm and Eerdinand D. Cobb, the son and nephew of the plaintiff, who claimed to have seen and examined the deed in 1871 and 1872, and who were the only other witnesses examined to prove the contents of the deed claimed by the plaintiff to have been lost.
This testimony in our opinion was not sufficient to entitle the defendant in error to recover under the agreement asset out in her petition, and hence the unanimous conclusion that the Court of Common Pleas erred in overruling the-motion of the defendants below for a new trial, and that tiie District Court erred in affirming the judgment of the former court.'
The motion is therefore granted, the judgments of the District Court and Court of Common Pleas are reversed, arid the cause remanded to the last named court for further-proceedings.
Judgment accordingly.
McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.